IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERIC COOPER, as Personal Representative of the Estate of Michael Dudley Cooper, Deceased | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: CIV-18-1060-M |
| KESTO SIMPSON, individually, THE CITY OF WALTERS, a Municipal Corporation, KENT SIMPSON, individually and in his official capacity, and JOHN DOES 1-10, INDIVIDUALLY | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PARTIAL MOTION TO DISMISS OF DEFENDANT KENT SIMPSON
IN HIS OFFICIAL CAPACITY AND BRIEF IN SUPPORT**

COMES NOW Defendant Kent Simpson, who has been listed as a Defendant in his individual and official capacity as Sheriff of Cotton County and, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully requests this Court enter an Order dismissing Plaintiff's punitive damage claim against him in his official capacity.

**I.      PLEADING STANDARD UNDER *TWOMBLY* AND *IQBAL***

In analyzing Plaintiffs' Complaint, "the court need accept as true only Plaintiffs' well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The allegations must provide "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative

1

level." *Id.* It is the Plaintiffs' duty to allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570; *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); see also *Kay v. Bemis,* 530 F.3d 1214, 1218 (10th Cir. 2007) ("Rather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to belief above the speculative level.'" (quoting *Twombly,* 550 U.S. at 555)).

In *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008), the Tenth Circuit noted that if a complaint is sufficiently devoid of facts necessary to establish liability that it "encompass[es] a wide swath of conduct, most of it innocent, a court must conclude that plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" (emphasis added). The Tenth Circuit noted that a Complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *Id.* The Tenth Circuit has repeatedly affirmed that generic accusations against the "Defendants" fail to meet the "fair notice" standard under Rule 8. See *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). This collective pleading is insufficient under the plausibility standard.

A plaintiff's claim may be dismissed for lack of a viable legal theory to show he or she is entitled to relief. "A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." *Garcia ex rel Martin v. Clovis Unified*, 627 F.Supp.2d 1187, 1194 (E.D. CA 2009) (emphasis added). The plausibility rule of *Twombly* and *Iqbal* requires a valid

and apparent connection between a) sufficient facts and b) a viable, legally cognizable claim to "show that the pleader is entitled to relief." *Twombly* at 1966.

## II. PUNITIVE DAMAGES AGAINST KENT SIMPSON IN HIS OFFICIAL CAPACITY ARE NOT PERMITTED

This action stems from the service of a search warrant in Cotton County, during which Plaintiff alleges law enforcement officers injured and violated the constitutional rights of Michael Dudley Cooper. In his "Fourth Cause of Action- Against Kent Simpson in His Official Capacity," Plaintiff asserts his claims against Simpson as the final policy-maker for law enforcement decisions of Cotton County. [Doc. 1, ¶¶ 53-57]. As requested damages "under 42 U.S.C. § 1983 or otherwise available to him under the law," Plaintiff seeks "punitive and exemplary damages" against Simpson in his official capacity. Such damage claim is not valid under federal or state law.

A claim against Kent Simpson, in his official capacity as Sheriff of Cotton County, is essentially a claim against the municipality itself. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 n. 4 (10th Cir. 1998) states, "A suit [brought under Sec. 1983] against individual defendants in their official capacities is essentially the same as a suit against the [municipality]." (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)); *Starrett v. Wadley*, 876 F.2d 808, 813 (10th Cir. 1989); see also *Myers v. Oklahoma County Bd. of County Com'rs*, 151 F.3d 1313, 1316 n. 2 (10th Cir. 1998) quoting *Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)).

It is well-established that a plaintiff is barred from obtaining punitive damages against a municipality under Section 1983. *City of Newport v. Fact Concerts Inc.,* 453 U.S. 247, 271 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."); *Youren v. Tintic School Dist.,* 343 F.3d 1296, 1307 (10th Cir. 2003); *Dill v. City of Edmond, Okla.,* 155 F.3d 1193, 1210 (10th Cir. 1998) citing *Butcher v. City of McAlester,* 956 F.2d 973, 976 n.1 (10th Cir. 1992).

Additionally, Oklahoma law prohibits punitive damages to be obtained against a municipality. 51 O.S. § 154(C) ("No award for damages in an action or any claim against the state or political subdivision shall include punitive or exemplary damages."); *Murphy v. Spring,* No. 13-CV-96-TCK-PJC, 2013 WL 5172951, *6 (N.D. Okla. Sept. 12, 2013).

As a matter of law, Plaintiff may not recover any punitive damages from Defendant Kent Simpson, as the Sheriff of Cotton County, in his official capacity or from Cotton County in any other respect. This damage claim is not legally viable. As such, the punitive damages claim against Simpson in his Official Capacity should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 51 O.S. § 154(C).

Respectfully submitted,

 s/ Carson C. Smith
Robert S. Lafferrandre, OBA No. 11897
Carson C. Smith, OBA No. 22303
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 N. Francis
Oklahoma City, Oklahoma  73106
Telephone:    (405) 235-1611
Facsimile:     (405) 235-2904
rlafferrandre@piercecouch.com
csmith@piercecouch.com
***Attorneys for Defendant Kent Simpson in his individual and official capacities***

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Stanley M. Ward | barrett@wardglasslaw.com |
| Woodrow K. Glass | woody@wardglasslaw.com |
| Barrett T. Bowers | barrett@glasslaw.com |
| | |
| Bret Burns | bret.burns@ymail.com |

and

| | |
|---|---|
| Renee Walker Gunkel | renee@gunkellawgroup.com |
| Preston M. Gunkel | preston@gunkellawgroup.com |

***Attorneys for Plaintiff***

s/ Carson C. Smith
Carson C. Smith