## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC COOPER, as the Personal Representative of the Estate of Michael Dudley Cooper, Deceased, )<br>)<br>)<br>) | |
| Plaintiff, ) | Case No. CIV-18-1060-HE |
| ) | |
| v. ) | |
| ) | |
| (1)   KESTO SIMPSON, individually; ) | |
| ) | |
| (2)   THE CITY OF WALTERS, a municipal corporation; )<br>) | |
| ) | |
| (3)   KENT SIMPSON, individually and in his official capacity; and )<br>) | |
| ) | |
| (4)   JOHN DOES 1-10, individually, )<br>)<br>) | |
| Defendants. ) | |

### PROTECTIVE ORDER

**PURSUANT TO THE APPLICATION AND FOR GOOD CAUSE**, this Court enters the following Protective Order governing confidential and private material obtained in this case.

1. The following, if obtained during the course of this litigation, are deemed private and confidential and subject to this Order:

   A. Medical, psychological or counseling records, and marital records related to any persons and the information contained in such records.

1

  B. Tax returns, pay records, loan applications, financial statements and W-2 forms related to the Plaintiff, any Defendant or any other persons, including any current or former employees of any Defendant.

  C. Any documents showing salary, payroll, tax, insurance, benefit or retirement records, beneficiary designations or benefits.

  D. Personnel files of any person, including but not limited to performance appraisals, performance improvement plans and disciplinary records.

  E. Social Security numbers and dates of birth of any persons shall be held confidential provided, however, that month and year of birth and last four digits of a social security number shall not be confidential.

  F. The names of minor children or incompetent persons shall be confidential however such persons may be identified by initials.

  G. Unlisted home addresses and unlisted home phone numbers and cell phone numbers shall be confidential, however the last four digits of a phone number shall not be confidential.

  H. Any confidential law enforcement material, including the OSBI report.

  I. Policies and/or Procedures of any Defendant or other documents relative to law enforcement practices or facilities that may pose security concerns

2. The confidential materials described above shall remain confidential and, absent permission by the Court, will be used only for the purpose of preparation and presentation of this case.

3. These confidential materials may be disclosed to:

    A.    The parties;

    B.    The attorneys for the parties and the attorneys' staff;

    C.    The Court, the Court's staff and the staff of the Court Clerk;

    D.    Any witness during the course of depositions;

    E.    Any court reporter or videographer;

    F.    Any person who is or reasonably may be expected to be a witness in this action, and

    G.    Any person who reasonably would need to see such materials in order give testimony or information related to the case, to form opinions or to serve as a consultant with regard to issues in the action.

4. In order to comply with HIPAA requirements and particularly 45 C.F.R. § 164.512(e)(v)(A), (B), a party receiving medical records must:

    A.    Not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

    B.    Must return such information to either the entity from which it was received, or the attorney of the party to whom it pertains or destroy the protected health information (including all copies made) which actions must be taken at the end of the litigation or proceeding.

5. In the case of disclosure of records or confidential information to persons who are potential witnesses as described in Par. 3(F) or (G), such persons must be advised that they must maintain such information as confidential.

6. Confidential records subject to this Order need not generally be filed or presented under seal. Confidential personnel records of third parties may be filed provided that the names of the third-parties and identifying information (except for initials or similar designations) are redacted. Medical, counseling or psychological records, marital records, grade transcripts, trade secrets, and tax returns shall be sealed along with the portions of any transcripts of testimony, reports or other documents which would disclose information contained in such records. The parties will comply with the procedures set forth in the Electronic Filing Policy and Procedures Manual ("ECF Policies & Procedures Manual") § III(A) for filing under seal confidential documents which are subject to this protective order. In lieu of filing under seal, parties will be allowed to redact the restricted portions of the information from documents filed with the Court unless that confidential information is material to the issue being presented.

7. The party entitled to hold the information as confidential may waive the confidentiality of all or part of any otherwise confidential information or waive the requirement that any portion of information be filed under seal, however such waiver will not be implied but must be made expressly by the party.

8. Information that is confidential shall be marked confidential except that medical and counseling records, tax returns of individuals and educational records are confidential without further designation. Trade secrets shall be identified as trade secrets. A party may designate portions of depositions as confidential if it contains

information designated as confidential by this Order and if such designation is made in writing within fifteen (15) days of the transmittal of the deposition transcript.

9. Disputes over whether material is confidential. Any party receiving information marked as confidential or a designation of deposition testimony may dispute the designation of confidentiality by sending a written statement to the designating party. The written statement must identify what documents or testimony is disputed as confidential and it must be sent out within fifteen (15) days of the receipt of the designation of confidentiality. Thereafter, the party making the designation of confidentiality has the duty to meet and confer and, if no agreement can be reached, to file a motion asking for a determination of the confidential nature of the information which must be filed within thirty (30) days of the date when the objection to confidentiality is received. If no application is made, the material will cease to be confidential. If application is made, the material must be treated as confidential until the Court determines the matter.

10. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record.

11. Claims of Privilege or inadvertent disclosure of privileged or confidential material shall be controlled by the provisions of Rule 26.

12. This Order shall remain in force unless and until it is modified by this Court.

13. Information filed of record or presented in open court ceases to be confidential when so filed or presented subject, however, to the right of either party to move separately for the sealing of such information or for its withdrawal from the public record.

14. The entry of this protective order does not constitute a determination that any materials designated as confidential are either relevant, admissible or subject to being produced during discovery. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

15. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

16. Notwithstanding any other provision of this Order, any document that is considered an open record under the Oklahoma Open Records Act, 51 Okla. Stat. § 24A.1 *et seq.*, shall not be considered confidential.

17. At the conclusion of the litigation– which includes completion of all appeals, matters on remand or the expiration of time for appeals– counsel shall, if requested within thirty (30) days of the conclusion of the litigation, return tax records, medical or counseling records, marital records, educational records and trade secrets. The balance of any other confidential records shall be returned to producing counsel's office who will not destroy such information for a period of five (5) years and will provide copies of that information should it be required by any malpractice insurance provider as part of a claim of malpractice or related lawsuit. The parties agree that they will not charge each other for document production but do not waive the right to seek reimbursement for such costs as part of an application for costs filed with the Court. It is in all instances the responsibility of the party to seek return of documents to make a formal request for return and set out the proposed manner of return.

**IT IS SO ORDERED**.

Dated this 22nd day of January, 2019.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE