IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC COOPER, as Personal Representative of the Estate of Michael Dudley Cooper, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: CIV-18-1060-HE ) |
| KESTO SIMPSON, individually, THE CITY OF WALTERS, a Municipal Corporation, KENT SIMPSON, individually and in his official capacity, and JOHN DOES 1-10, Individually, | ) ) ) ) ) ) |
| Defendants. | ) |

**RENEWED MOTION OF DEFENDANT KENT SIMPSON TO
STAY PROCEEDINGS AND SUPPORTING BRIEF
AND REQUEST FOR EXPEDITED RULING**

Defendant Kent Simpson hereby requests the Court continue the stay imposed by the Court, [Doc. 40] which expires November 1, 2019, until March 1, 2020. No Co-Defendant opposes the request. Plaintiff objects. Defendant Kent Simpson hereby incorporates by reference the legal authority contained in the original Motion to Stay. [Doc. 31]. The following is submitted in support.

**BACKGROUND AND CRIMINAL CHARGE**

As the Court is aware, Defendants Kent and Kesto Simpson previously approached the Court seeking a stay of this civil case because of an ongoing investigation by a Multicounty Grand Jury. See Defendants' Motion to Stay, [Doc. 31]. While the exact contours of the investigation were unknown, it was believed, at that time, that the

inquiry focused on actions or omissions of Kent and/or Kesto Simpson surrounding the service of a search warrant on March 11, 2018 at a residence in Walters, Oklahoma where Plaintiff's decedent Michael Dudley Cooper was located. For a more detailed exposition of the facts concerning the prior Motion to Stay, see Doc. 31.

After briefing, that Motion to Stay was granted by the Court [See Order at Doc. 40]. As requested, the Court stayed all discovery, with certain exceptions, until November 1, 2019, at which time it was contemplated that more information would be known about the nature of the grand jury investigation and any criminal charges which eventuated or were filed. The parties now know that Kent Simpson **has been charged with a crime** stemming from the preparation and execution of the search warrant at the residence in Walters, the same circumstances at issue in the present action. See Cotton County, CM-2019-205.

Kent Simpson is charged with Exceeding Authority While Executing Search Warrant in alleged violation of 12 O.S. § 1240. [Indictment, Ex. 1]. Kesto Simpson has not been charged with any crime. Although it appears the grand jury's bill resulted in the indictment and thus it *may appear* the grand jury inquiry is complete, Defendants are *not certain* of the status of the grand jury inquiry. The indictment notes that the Seventeenth Multicounty Grand Jury is empowered to remain until the presiding judge so determines its work is complete or until 2 years from October 2, 2018. In any event, with the pending criminal charge against Kent Simpson, he moves for a renewal of the stay.

The criminal charge against Simpson is in its infancy. He made his initial appearance and was released on an own recognizance bond. His next appearance in

Court is to be in February 2020. As the criminal proceedings warm up, Defendant's Simpson's rights to separate proceedings and his Fifth Amendment privilege are especially weighty.

## COTTON COUNTY REMOVAL PROCEEDINGS

The Removal proceeding filed by the Board of County Comisssioners of Cotton County against Kent Simpson, as Sheriff, have been consummated by agreement between the parties. Kent Simpson resigned as Sheriff, and accordingly, this proceeding was dismissed without prejudice on September 16, 2019 after the meeting of the Board of County Comisioners. With the mutual agreement, it is not expected that this action will be re-filed.

Before the Removal Proceedings were concluded, separate counsel was retained for Board of County Commissioners for Cotton County, and thus this element of the case has been addressed. Counsel for Cotton County, i.e. the Official Capacity claim, is expected to be filing his Entry of Appearance shortly, and undersigned counsel will be withdrawing for Kent Simpson in his Official Capacity.

## AUTHORITY AND ARGUMENT

Defendant Kent Simpson incorporates by reference all of the supporting arguments and authorities contained in the original Joint Motion to Stay. [Doc. 31]. The legal arguments in support of this requested stay are those authorities previously briefed for the Court, and they apply with even more force now. Specifically, Kent Simpson emphasizes the following that warrant the renewal of the Stay:

- He now faces a criminal charge, pending against him in Cotton County, arising from the same circumstances and incident as at issue in this civil matter. This post-indictment landscape makes it <u>even more pressing and prudent</u> to continue the Stay, both legally and practically, with criminal charges and concomitant consequences pending.

- The six factor test set forth in *In re CFS–Related Securities Fraud Litigation*, 256 F.Supp.2d 1227, 1236-37 (N.D. OK 2003) is met here.

- There is unquestioned and confirmed substantial overlap between the issues in this civil case and the now filed criminal charge against Kent Simpson. The very title of the criminal charge underscores as much: "Exceeding Authority while Executing Search Warrant." [Ex. 1]. In this action, Plaintiff alleges, "The search warrant did not authorize officers to conduct a night time search after 10:00pm." [Complaint, ¶ 12, Doc. 1].

- The integrity and separation of parallel proceedings is at stake and would be compromised if the Stay lapses or is eroded in protection. As noted in the Joint Reply for the Stay [Doc. 37], it appears that Plaintiff's counsel *may have had some* connection to the grand jury investigation—and did not deny any such involvement in his Response---and such alignment of interests and communication points up the real danger of any civil discovery, or its fruits, finding its way, intentionally or otherwise, into the criminal action.

- Plaintiff will not suffer any notable prejudice or irreparable harm by renewal of the Stay during the pendency of Simpson facing criminal charges or until

March 1, 2020, whichever occurs first.  As noted in the Reply, [Doc. 37], should a situation arise over the course of the next few months, during the stay, regarding the dire health of a witness, measures exist to preserve testimony in such a situation.  In any event, no such emergency presently exists to Defendant's knowledge, nor is any anticipated.

## CONCLUSION

Defendant Simpson will face extreme prejudice should he be placed, simply due to timing, in the perilous "Hobbesian" dilemma of having to invoke his rights under the Fifth Amendment, and have that invocation be used against him in the civil action. As Plaintiffs will not suffer any prejudice or irreparable harm and as Defendant most certainly will, the Court should exercise its inherent discretion to renew the Stay in these civil proceedings until March 1, 2020.  Defendant requests the exceptions that subpoenas to third parties may continue during any renewed Stay, which would allow counsel to continue to gather necessary materials. Because of the interference the instant matter, with broader civil discovery, **will almost certainly pose**, at some level(s) at various points in time, to the criminal action now proceeding against Kent Simpson, he requests that the case be stayed as to all parties, and Co-Defendants do not object to and echo this request.

Respectfully submitted,

_s/ Carson C. Smith_
Robert S. Lafferrandre, OBA No. 11897
Carson C. Smith, OBA No. 22303
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 N. Francis
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
rlafferrandre@piercecouch.com
csmith@piercecouch.com
***Attorneys for Defendant Kent Simpson in his individual and official capacities***

## CERTIFICATE OF SERVICE

   I hereby certify that on this 1st day of November 2019 I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Stanley M. Ward
Woodrow K. Glass
Barrett T. Bowers
Tanner B. France
Ward & Glass, L.L.P.
1601 N.W. 36th Avenue, Suite 100
Norman, OK 73072
rstermer@wardglasslaw.com
woody@wardglasslaw.com
barrett@wardglasslaw.com
tanner@wardglasslaw.com

Bret Burns
Burns Law Office
519 W. Chickasha Avenue
Chickasha, OK 73018
Bret.burns@ymail.com

Renee Walker Gunkel
Preston M. Gunkel
Gunkel Law Group, PLLC
P.O. Box 1124
Altus, OK 73522
renee@gunkellawgroup.com
preston@gunkellawgroup.com
***Attorneys for Plaintiff***

Scott B. Wood
Wood, Puhl & Wood P.L.L.C.
2409 E. Skelly Drive, Ste 200
Tulsa, OK 74103
okcoplaw@aol.com
***Attorney for Defendant Kesto Simpson***

Stephen L. Geries
Taylor M. Riley
Collins Zorn & Wagner, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
slg@czwlaw.com
tmr@czwlaw.com
***Attorneys for Defendant City of Walters***

           s/ Carson C. Smith
           Carson C. Smith